*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

LEANDRE LAMAR CHILDS,

Defendant-Appellee.

UNPUBLISHED
June 12, 2026
9:12 AM

No. 376639
Wayne Circuit Court
LC No. 14-008407-01-FC

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

Leandre Lamar Childs (hereinafter "defendant") was convicted by a jury of second-degree murder, MCL 750.317, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in 2015. On February 3, 2015, defendant was sentenced to first serve the mandatory two-year consecutive term for felony-firearm and then serve a term of 25 to 50 years for murder. In 2024, defendant filed a motion for relief from judgment, arguing that he was entitled to be resentenced on the basis of changes in the law regarding youthful offenders. On July 9, 2025, the trial court granted defendant's motion and ordered that defendant be resentenced, and that order has been stayed. The prosecutor filed an application for leave to appeal from the trial court's order granting defendant relief from judgment. This Court granted the prosecutor's application.[1] For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

In his motion for relief from judgment, defendant contended that resentencing was warranted in light of recent appellate jurisprudence establishing that youth is a constitutionally significant mitigating factor at sentencing. He relied principally on decisions beginning with *Miller v Alabama*, 567 US 460, 477-78; 132 S Ct 2455; 183 L Ed 2d 407 (2012), which recognized that lengthy sentences imposed on youthful offenders may constitute cruel and/or unusual

---

[1] *People v Childs*, unpublished order of the Court of Appeals, entered November 13, 2025 (Docket No. 376639).

punishment and that juvenile offenders must be treated distinctly from adults for sentencing purposes.

At defendant's initial sentencing hearing in February 2015, the trial court explicitly considered the defendant's chronological age as a factor in its sentencing determination:

> [*The prosecutor*:] I'm just gonna (sic) ask the Court obviously for top of [the] guidelines. The Court's not aware [of] his juvenile history, but he did get out of a placement and he was discharged from the juvenile system just a year before this took place.
>
> Yes, he is 18. But I [have] been privy to seeing what kind of record he had for four years—
>
> *The Court*: I got a juvenile history in the pre.
>
> *Ms. Bennetts* [the prosecutor]: Okay.
>
> *The Court*: And, yeah, I was aware of it.
>
> *Ms. Bennetts*: He's had a robbery—
>
> *The Court*: Right.
>
> *Ms. Bennetts*: —lowered to a resist, a resisting and a R & C.
>
> *The Court*: Yeah.
>
> *Ms. Bennetts*: He's had two assaults. So this is—he's not new to the system. While he's new to us, he's not new to the system. And I don't think his story was very believable to the—
>
> *The Court*: I gotta—we gotta do this. All right.

The trial court agreed that defendant deserved a sentence at the top of the guidelines:

> *The Court*: So, um, so your request for forgiveness is a little late and a little disingenuous, Mr. Childs. You gave your lawyer fits because you—nobody could figure out how you intended to defend this case. And in the end you took the stand and told us your view of what happened. And obviously the jury thought it was preposterous.
>
> It sounded—I mean I'm surprised they didn't bust out laughing when they heard you testify. The bottom line is that you—I mean that you were actually charged with first degree premeditated murder. They could have found you guilty of that, they didn't. But it wouldn't have been—it certainly would have been a verdict within the range of reasonable outcomes.

And you're a dangerous guy. You know, obviously, and you got a history of danger. And this, this killing was just completely inexcusable and unnecessary.

And, and your recitation to me fails to take into account the loss that's suffered by the victim's family. It's your loss, you know, and how this has affected you. And at this point I don't think anybody really cares.

So, anyway, as a result of your being convicted of second degree murder you're remanded to the custody of the Michigan Department of Corrections for a prison term of no less than 25 years and no more than 50.

And consecutive to that on the felony firearm conviction you're remanded for two years. You'll get credit for 144 days you've already served on the felony firearm sentence.

When you get through with that two years minus 144 days, you will start doing your 25 to 50 year sentence.

The sentencing guidelines for second-degree murder were scored at 180 to 300 months, or life. Accordingly, defendant's minimum sentence of 25 years (or 300 months) was at the top of, but still within, the sentencing guidelines.

On July 9, 2025, the trial court issued a written opinion granting defendant's second motion for relief from judgment and permitting resentencing. The court determined that relief was warranted due to retroactive developments in the law concerning constitutional protections for youthful offenders and further clarification regarding the standards for proportionate sentencing. In the alternative, the court found that, even absent a showing of entitlement to relief under MCR 6.502(G), it possessed authority under MCR 6.429 to correct an invalid sentence at any time, as that rule imposes no temporal limitation on such corrections. The court concluded by summarizing its decision to grant resentencing:

In this case, the Court finds that:

- Defendant was newly 18 years old at the time of the offense.

- The record lacks any individualized findings on Defendant's youth, immaturity, home environment, role in the offense, or potential for rehabilitation.

- The trial court imposed the top-end of the guidelines without explanation under *Snow* or *Milbourn*[2] principles.

_____

[2] *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972); *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

- Since incarceration, Defendant has presented compelling evidence of rehabilitation, including educational achievements, voluntary participation in programming, and expressions of remorse.

* * *

This Court finds that:

1. The original sentencing court failed to consider constitutionally relevant mitigation, such as youth, maturity, and potential for reform, in violation of *Snow*, *Milbourn*, *Stovall*, and *Taylor*[3].

2. The reasoning in *Taylor/Czarnecki* warrants extending *Miller* mitigation principles to this Defendant, who—while legally an adult—shared the same diminished culpability that now mandates individualized sentencing for older adolescents.

3. The sentence of 25-50 years was disproportionate in light of Defendant's youth, lack of adult criminal history, and subsequent rehabilitation.

4. The sentence imposes greater punishment than some first-degree murder defendants now eligible for individualized *Miller* re-sentencings, which is patently unjust and raises additional state and federal constitutional concerns.

5. Relief is proper under MCR 6.502(G)(2), or alternatively, under MCR 6.429 and MCL 770.1, as a matter of fundamental fairness and constitutional obligation.

6. Defendant's current sentence fails to comport with the Michigan Constitution's evolving standards of decency.

Accordingly, Defendant Childs' successive motion for relief from judgment or, alternatively, resentencing is **GRANTED**.

Further, Defendant shall be **re-sentenced** following a full hearing at which the Court will make findings pursuant to *Snow*, *Miller*, *Stovall*, and *Taylor*.

This Court reviews a trial court's ruling on a motion for relief from judgment for an abuse of discretion. *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or the court makes an error of law. *People v Christian*, 510 Mich 52, 75; 987 NW2d 29 (2022).

---

[3] *People v Stovall*, 510 Mich 301; 987 NW2d 85 (2022); *People v Taylor*, ___ Mich ___; ___ NW3d ___ (2025) (Docket Nos. 166428 and 166654).

-4-

Here, the trial court committed multiple legal and factual errors. The trial court committed legal error by granting defendant's motion without properly analyzing it under the applicable court rules. Motions for relief from judgment are governed by MCR 6.500 *et seq*. Under MCR 6.502(G)(1), a defendant is generally entitled to only one motion for relief from judgment. However, MCR 6.502(G)(2) provides exceptions, allowing a defendant to file a second or successive motion for relief from judgment if any of the following conditions are met:

(a) a retroactive change in law that occurred after the first motion for relief from judgment was filed,

(b) a claim of new evidence that was not discovered before the first such motion was filed, or

(c) a final court order vacating one or more of the defendant's convictions either described in the judgment from which the defendant is seeking relief or upon which the judgment was based.

Even if a defendant satisfies the requirements of MCR 6.502(G)(2) to file a successive motion for relief from judgment, resentencing is not warranted unless the defendant demonstrates good cause for failing to raise the argument in a prior appeal of right or in a previous motion for relief from judgment, as required by MCR 6.508(D)(3)(a). Furthermore, a defendant must establish actual prejudice. When the motion pertains to sentencing, the defendant bears the burden of showing that the original sentence is invalid under MCR 6.508(D)(3)(b)(iv). See *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018).

In *People v Stovall*, 510 Mich 301, 310; 987 NW2d 85 (2022), the Michigan Supreme Court clarified that MCR 6.502(G)(2)(a), governing successive motions based on retroactive changes in the law, establishes only a threshold for overcoming the procedural bar to successive motions for relief from judgment. The Court expressly cautioned that interpreting the rule to require a defendant's claims to fall strictly within a retroactive change in law would conflate the procedural gateway in MCR 6.502(G)(2) with the substantive inquiry under MCR 6.508(D), thereby rendering one provision superfluous. See *Stovall*, 510 Mich at 310. Here, the trial court determined that defendant was permitted to proceed with a successive motion for relief from judgment but failed to address whether defendant satisfied the substantive prerequisites for relief under MCR 6.508(D). Granting relief absent such a finding constituted legal error; the court improperly conflated the procedural threshold of MCR 6.502(G)(2) with the necessity of establishing entitlement to relief under MCR 6.508(D). Further, the trial court erroneously concluded that MCR 6.429 authorized resentencing independent of a showing of entitlement to relief from judgment. MCR 6.429(B)(4) unequivocally requires defendants who have exhausted appeals by right or leave to proceed exclusively under the postjudgment relief rules, MCR 6.500 et seq. See also MCR 6.508(D)(3)(b)(iv); *People v Allen,* ___ Mich App ___; ___ NW3d ___ (2026) (Docket No. 373427).

In granting defendant's motion for resentencing, the trial court also committed multiple factual errors. Most notably, the court's order reflects a fundamental misunderstanding of the sentence actually imposed, erroneously indicating that defendant received a minimum sentence of 50 years or would be required to serve 50 years before parole eligibility. In fact, the sentencing

court imposed a minimum term of 25 years. This error effectively doubled the minimum term, profoundly impacting the propriety of the resentencing decision.

The trial court stated that defendant "received 50 years as the maximum term—the very top of the 135-225-month guideline range—without any stated justification or balancing of mitigating circumstances." The court further commented that defendant was "18 years old when he committed the offense, and he too was sentenced to the top end of the guidelines—50 years maximum—without any stated justification or engagement with youth-related mitigation."

Factually, the court misapprehended the applicable sentencing guidelines. The correct guidelines range was 180 to 300 months, or life, corresponding to 15 to 25 years, or life. The court's reliance on a 135 to 225 month range suggests an erroneous belief that defendant's sentence exceeded the guidelines, which was not the case.

Second, the trial court erred as a matter of law by focusing on the maximum term of defendant's indeterminate sentence (25 to 50 years) in its proportionality analysis under the sentencing guidelines. The guidelines prescribe only the minimum sentence ranges. See MCL 777.61–777.69; *People v Lockridge*, 498 Mich 358, 377; 870 NW2d 502 (2015). Accordingly, the court should have considered solely the 25-year minimum sentence. Its reliance on the 50-year maximum, particularly by equating it with cases involving a 50-year minimum term, was a clear legal error.

Defendant's 25-year minimum term renders him eligible for parole at age 45, as reflected in the Department of Corrections' Offender Tracking Information System (earliest release date: September 16, 2041). At that age, defendant's sentence cannot be characterized as a de facto life term. No evidence supports the assertion that, by virtue of being 18 at sentencing, defendant will be effectively incarcerated for life.

The trial court compounded its errors by principally relying on *Stovall* to support granting relief. In *Stovall*, 510 Mich at 307–308, 322, the Court held that sentencing a juvenile to life with the possibility of parole for second-degree murder constituted cruel or unusual punishment under Const 1963, art 1, § 16. *Stovall* is inapposite here: defendant was not sentenced to life, but to a term of 25 to 50 years, and was 18 years old at the time of the offense, not a juvenile. Application of *Stovall* to these facts is unwarranted. The trial court's erroneous reliance on *Stovall* appears dispositive in its resentencing decision. However, the defendant in *Stovall* received a life sentence, while here, the trial court mistakenly concluded that defendant would serve the entire 50-year maximum before parole eligibility. These factual and legal misapprehensions necessitate reversal.

In *People v Taylor*, ___ Mich ___; ___ NW3d ___ (2025) (Docket Nos. 166428 and 166654); slip op at 2, the Michigan Supreme Court held that mandatory life sentences without parole for offenders aged 19 and 20 constitute cruel or unusual punishment. The Court's reasoning in *Taylor* focused on the absence of individualized consideration of youth-related mitigating factors. The trial court's reliance on *Taylor* was misplaced, as defendant here did not receive a mandatory life sentence without parole. Thus, *Taylor* does not support resentencing in this case.

Upon review of the authorities cited by the trial court, we discern no decision with retroactive effect that would entitle defendant to resentencing. The trial court's misapprehension

regarding the minimum sentence's duration further underscores the error in finding the sentence unconstitutional as cruel and/or unusual, or disproportionate.

Finally, even assuming arguendo that evolving jurisprudence on nonconstitutional proportionality review applies, the record does not reflect any actual prejudice to defendant warranting resentencing. In *People v Copeland*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363925); slip op at 3-4, this Court summarized how a trial court should individualize a sentence for a youthful defendant:

> In *People v Boykin*, 510 Mich 171, 189; 987 NW2d 58 (2022), our Supreme Court held that when sentencing a juvenile defendant to a term-of-years sentence under MCL 769.25a, the sentencing court must still consider the defendant's youth and treat it as a mitigating factor. The Court explained that the touchstone of any sentencing decision is proportionality, which looks to the circumstances of the offense and the background of the offender. *Id*. at 188. Since a defendant's youth is part of a juvenile defendant's background, courts must consider the characteristics of youth before sentencing a juvenile defendant in order for the resulting sentence to be proportionate. *Id*.

> In practical terms, this means that courts should consider a defendant's youth as part of the "four basic sentencing considerations" first identified in *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972), which courts must always bear in mind before imposing a sentence. *Boykin*, 510 Mich at 188-189. Those considerations are "(1) 'reformation of the offender'; (2) 'protection of society'; (3) 'disciplining of the wrongdoer'; and (4) 'deterrence of others from committing like offenses.' " *Id*. at 188, quoting *Snow*, 386 Mich at 592. "Youth affects these considerations," *Boykin* explained, such that youth "will inevitably factor into *Snow*'s four considerations." *Boykin*, 510 Mich at 188-189.

> But *Boykin* rejected the idea that trial courts sentencing juvenile defendants are required to articulate "*specific* factors on the record." *Id*. at 192. *Boykin* instead recognized the general rule that sentencing courts in Michigan must justify an imposed sentence in a manner sufficient to facilitate appellate review, and held that this was the same standard that applied to courts sentencing juvenile defendants. *Id*. "[N]ever before have we imposed a requirement that a sentencing court give a detailed on-the-record explanation of one or more specific factors, and we do not impose such a requirement here." *Id*.

> Along similar lines, *Boykin* reiterated that courts are required to "consider[] the mitigating qualities of youth within *Snow*'s sentencing criteria," but said that this "stops short of requiring trial courts to articulate a basis on the record to explain how youth affected the sentence imposed." *Id*. at 193. A trial court sentencing a juvenile defendant will necessarily consider the defendant's youth and treat it as a mitigating factor, *Boykin* reasoned, because no " 'meaningful daylight exists between (i) a sentencer's discretion to consider youth, and (ii) the sentencer's actual consideration of youth,' " so " 'it would be all but impossible for a sentence to avoid

considering that mitigating factor.' " *Id*. quoting *Jones v Mississippi*, 593 US 98, 114; 141 S Ct 1307; 209 L Ed 2d 390 (2021).

*Boykin* accordingly held that trial courts sentencing juvenile defendants are required to consider a defendant's youth and treat it as a mitigating factor, but "this consideration need not be articulated on the record." *Boykin*, 510 Mich at 193-194. "[T]here is no authority that imposes a higher standard of articulation regarding youth beyond our general requirement that a trial court must adequately explain its sentence on the record in order to facilitate appellate review." *Id*. at 194.

Although *Boykin* further clarified that youth is a distinct mitigating factor that must be considered by a trial court when sentencing a defendant who was under the age of 19 at the time of the offense, this principle was already well-established and recognized in this matter at the time of defendant's 2015 sentencing. The trial court acknowledged defendant's youth but gave greater weight to his juvenile record. As previously discussed, *Miller* was a watershed decision that underscored the constitutional significance of the immaturity of youthful offenders, and was issued prior to defendant's sentencing. Accordingly, the sentencing judge had full benefit of the *Miller* decision at the time of sentencing. Defendant's age at the time of the offense does not constitute a new mitigating factor warranting invalidation of the original sentence. Moreover, defendant has not demonstrated that any subsequent legal developments regarding mitigating factors would entitle him to resentencing under MCR 6.508(D)(3)(b)(iv).

Apart from the foregoing, defendant has failed to establish that the trial court's omission to expressly articulate additional potential mitigating factors entitles him to resentencing. Because the sentence imposed was within the applicable guidelines range, it remains presumptively proportionate. See *People v Ventour*, 349 Mich App 417, 430; 27 NW3d 660 (2023).

Furthermore, as previously addressed, there is no tenable basis for concluding that the trial court erred in determining that defendant's minimum sentence of 25 years is disproportionate to the offense or the offender. None of the authorities cited by the trial court in support of resentencing establish that the sentence of 25 to 50 years is disproportionate under established proportionality principles. Accordingly, here, as was the case in the trial court, defendant has failed to present any showing that would warrant relief from his original sentence of 25 to 50 years. The trial court should have denied his motion for relief from judgment on the ground that the original sentence was not invalid. See MCR 6.508(D)(3)(b)(iv).

Reversed.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock